UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM DAVID HICKS, Jr.,
#521313,

    Petitioner,                                   Civil Action No. 22-cv-11193
                                                HON. BERNARD A. FRIEDMAN

v.

FREDEANE ARTIS,

    Respondent,
_____/

## OPINION AND ORDER DENYING AS PREMATURE THE MOTION TO REINSTATE THE PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 9)

       William David Hicks, Jr. filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction for armed robbery. On June 28, 2022, the Court dismissed without prejudice Hicks' claims regarding his neck pain and opiate dependency and dismissed with prejudice his claims regarding COVID-19. The Court held the remainder of the petition in abeyance so that Hicks could exhaust additional claims by filing in the state courts a post-conviction motion for relief from judgment. (ECF No. 5).

       In the instant motion, Hicks moves to reinstate the petition for writ of habeas corpus. (ECF No. 9). For the reasons stated below, the motion shall be denied without prejudice because it is premature.

1

Hicks asserts that he filed a post-conviction motion for relief from judgment with the trial court, but the judge treated the motion as a letter and further advised Hicks that it was the judge's "policy not to alter a sentence once imposed." (ECF No. 9, PageID.72, 75). Hicks argues that the judge's refusal to adjudicate his motion makes it futile for Hicks to attempt to exhaust his claims in the state court. (*See id.* at PageID.72).

An exception to the exhaustion requirement exists only if there is no opportunity to obtain relief in the state courts or if the corrective process is so clearly deficient as to render futile any effort to obtain relief in the state courts. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981).

The state trial judge's refusal to adjudicate the motion for relief from judgment does not make exhaustion futile. Hicks can seek an order of superintending control from the Michigan Court of Appeals pursuant to M.C.R. 3.302(D)(1) and M.C.R. 7.203(C)(1) to order the Kent County Circuit Court to adjudicate his motion. If the Michigan Court of Appeals failed to issue an order of superintending control, Hicks could seek an order of superintending control from the Michigan Supreme Court pursuant to M.C.R. 7.306. Because Hicks has not sought relief from the Michigan appellate courts to compel the trial court to entertain his pending motion, he is not excused from exhausting his claims in the state courts. *See Johnson v. Bauman,* No. 2:19-CV-12423, 2020 WL 5819567, at *3 (E.D. Mich. Sept. 30, 2020)*, recon.*

*denied,* No. 2:19-CV-12423, 2020 WL 6867787 (E.D. Mich. Nov. 23, 2020), *aff'd,* 27 F.4th 384 (6th Cir. 2022).  Hicks' failure to adequately pursue his claims in state court "disqualifies his case from consideration under the narrow exception [to the exhaustion requirement]". *See Dillon v. Hutchinson,* 82 F. App'x. 459, 462 (6th Cir. 2003). Accordingly,

IT IS ORDERED that the motion to reinstate the petition is denied without prejudice.  Hicks may move to reopen this case with this Court once he has fully exhausted his claims in the state courts.

Dated: November 18, 2022
Detroit, Michigan

s/Bernard A. Friedman
Bernard A. Friedman
Senior United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on November 18, 2022.

**William David Hicks, Jr.** #521313
CENTRAL MICHIGAN CORRECTIONAL FACILITY
320 HUBBARD
ST. LOUIS, MI 48880

s/Johnetta M. Curry-Williams
Case Manager

3